UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID LERMA, | Case No. 17cv1925 LAB (RBB) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| RAYMOND MADDEN, Warden, | |
| Respondent. | |

On September 21, 2017, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and paid the requisite filing fee. (ECF No.1.) The Court dismissed the action without prejudice and with leave to amend on October 4, 2017 because Petitioner had failed to name a proper respondent and had failed to allege exhaustion of his state judicial remedies. (ECF No. 2.) Petitioner was given until December 4, 2017 to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's dismissal Order. (*Id.*)

On December 2, 2017, Petitioner constructively filed a First Amended Petition. (ECF No. 3.) The Court dismissed the action without prejudice and with leave to amend because Petitioner had again failed to allege exhaustion of his state judicial remedies. Petitioner was given until February 21, 2018 to file a Second Amended Petition that

///

1

17cv1925 LAB (RBB)

alleged exhaustion of his state judicial remedies. On February 23, 2018, Petitioner filed a Second Amended Petition. (ECF No. 5.)

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Petitioner has again failed to allege exhaustion. Before Petitioner can bring his claims in this Court, he must first present them to the California Supreme Court and provide that court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). This can be accomplished via direct appeal of a conviction or via a habeas corpus petition filed in the state supreme court. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to allege exhaustion of his state judicial remedies. To have this case reopened, Petitioner must, **no later May 7, 2018**, file a Third Amended Petition that cures the pleading deficiencies set forth above. Petitioner is advised that if he does not allege exhaustion in his Third Amended Petition, the Court will dismiss the action without prejudice and without further leave to amend. *The Clerk of Court is directed to mail Petitioner a blank Third Amended Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: March 6, 2018

_____
Hon. Larry Alan Burns
United States District Judge