UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LERMA,<br><br>                      Petitioner,<br><br>v.<br><br>UNKNOWN, et al.<br><br>                      Respondents. | Case No.: 17cv1925-LAB (RBB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

    Petitioner David Lerma was convicted in California state court of molesting his stepdaughter A.R. multiple times, beginning when she was eight years old. When she was thirteen or fourteen years old, she told her mother, who contacted police. A social worker conducted a videotaped forensic interview of A.R. After an investigation, Lerma was tried and convicted on some but not all counts. Lerma then exhausted two claims, one based on admission of statements made during the interview, and a second based on failure to instruct on a lesser included offense.

    Lerma filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Ruben Brooks for report and recommendation. The petition was dismissed with leave to amend twice, and the Third Amended Petition (Docket no. 8) is the operative pleading.

On March 28, 2019, Judge Brooks issued his report and recommendation (the "R&R"), which recommended denial of the petition. Although objections to the R&R were due on April 30, Lerma did not file objections until May 4 at the earliest. His objections include the declaration of another inmate, who explains that he was helping Lerma prepare objections, but that transfers made it difficult for Lerma to file objections on time. The Court construes this as Lerma's request for leave to file late objections. So construed, the request is **GRANTED**, and the objections are accepted as filed.

**Unobjected-to Portions of R&R**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the R&R's findings or recommendations. 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The Court reviews de novo those portions of the R & R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Having reviewed the R&R, the Court finds it correctly sets forth the legal standards governing habeas relief and Lerma's substantive claims. The Court **ADOPTS** both these standards, and all other portions of the R&R to which Lerma has not objected. These include the procedural history, summary of the evidence and other facts, and rulings on other claims.

**Objections**

Lerma objects that the charges were not proved beyond a reasonable doubt. (Obj. (Docket no. 19) at 2:15–20.) He also argues that the prosecution suborned perjury by encouraging A.R. to make up an incident of molestation they knew had never happened. (*Id.* at 4:8–26.) These claims are unexhausted. (*See generally*, Pet. for Review in Cal. Supreme Ct. (Docket no. 13-13).) They also lack merit.

Lerma objects that admission of A.R.'s forensic interview amounted to knowing use of false or perjured testimony. His objections focus on one portion of her interview, concerning events on a single day after Lerma and A.R.'s mother had divorced. On that day A.R., Lerma, Lerma's then-girlfriend, and the girlfriend's son all went to Legoland. A.R. was twelve years old at the time of the events.[1] At trial, she remembered nothing unusual happening to her on that day. But in her preliminary interview, she had had described an incident involving painful penetration. On cross-examination, Lerma's own lawyer read from the hearing testimony, and elicited from A.R. that nothing had happened on the day of the Legoland trip. On redirect, the prosecutor asked her to explain the inconsistency. She said she remembered the incident happening when she was twelve years old, but forgot whether it happened the day of the Legoland trip or some other time.

The prosecutor sought to admit portions of the interview. Lerma's counsel objected, arguing that it was consistent with A.R.'s trial testimony, and that this would amount to improper bolstering. The trial court admitted the interview as a prior inconsistent statement.

Lerma's state habeas petitions addressed the recording's admissibility under state law, and also argued that its admission violated due process.[2] But as the R&R correctly points out, he never argued to either the California Court of Appeal or the California Supreme Court that the prosecution had knowingly offered perjured testimony or other false evidence. (*See generally*, Docket nos. 13-8, 13-13.) A.R.'s testimony at trial can be said to be confused and somewhat

---

[1] She was thirteen or fourteen and in the seventh grade at the time of the interview, and she was in the ninth grade at the time of trial. (*See* Docket no. 13–11 (Court of Appeals' Denial of Petition) at 18.)

[2] The R&R correctly explains why the federal due process claim lacks merit. And alleged violations of state evidentiary rules do not give rise to federal habeas claims.

contradictory, but nothing in the record suggests the prosecution knew it was false. *See United States v. Zuno*-Arce, 44 F.3d 1420, 1423 (9th Cir. 1995). The record provides no support for any claim that the government knew either the forensic interview or A.R.'s trial testimony was false. *See id.* (holding that mere discrepancies in evidence did not support finding of prosecutorial misconduct or claim that defendant was deprived of a fair trial). Even if Lerma had exhausted this claim, it would be denied on the merits.

The objection that the jury convicted Lerma even though he had not been proved guilty beyond a reasonable doubt is similarly non-meritorious. The jury was entitled to believe A.R.'s explanation for giving an inconsistent account,[3] as well as other evidence of Lerma's guilt, and could easily have found Lerma guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). On habeas review, this Court cannot, as Lerma suggests, substitute its own judgment for the jury's. *See Cavazos v. Smith*, 65 U.S. 1, 2 (2011). Even if Lerma had exhausted this claim, it would be denied on the merits.

**Conclusion and Order**

Lerma's objections are **OVERRULED**. The Court **ADOPTS** the R&R. The Petition is **DENIED**, and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

Dated: May 10, 2019

Hon. Larry Alan Burns
Chief United States District Judge

---

[3] As part of its discussion, the Court of Appeal's reasoned decision gave a lucid explanation for the differences between A.R.'s forensic interview and trial testimony, based on her age, maturity, and the amount of time that had passed. (*See* Docket no. 13-11 at 18.) This shows one possible line of reasoning that rational jurors might have followed.